IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STACEY HILTON,<br><br>            Plaintiff,<br><br>    vs.<br><br>NELNET, SALLIE MAE, NAVIENT,<br>GREAT LAKES LOAN AGENCY, and<br>RESURGENT CAPITAL SERVICES,<br><br>            Defendants. | **4:21CV3029**<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I.  SUMMARY OF COMPLAINT

Plaintiff, a resident of Alabama, sues lenders and debt collectors that allegedly operate out of other states for refusing to write off $141,800 in student loans after receiving Plaintiff's "application for Write Off of Student Loans and Pages of Diagnoses of Medical Disabilities." (Filing 1 at CM/ECF p. 4.) Plaintiff alleges her lenders continued to compound interest despite her request to write off her loans, thereby ruining her credit and chances for employment. She also requests $150,000 in punitive damages.

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

Plaintiff has failed to plead factual content that would permit this court to reasonably infer that Defendants are liable for any sort of misconduct and that would give Defendants fair notice of the nature or grounds for a claim against them. *Iqbal*, 556 U.S. at 678; *Topchian*, 760 F.3d at 848. In order for the court to properly perform initial review of Plaintiff's Complaint, Plaintiff should allege facts establishing the name of the program under which Plaintiff took out the student loan; when the loan was taken out; the terms of the loan; the nature of each Defendant's involvement

(*i.e.*, who issued the loans, who guaranteed the loans, who attempted collection of the loan); the provision of the loan agreement or other authority on which plaintiff relies in claiming she is entitled to loan forgiveness; when, how, and why plaintiff attempted to get her student loans forgiven; and whether Plaintiff is asserting federal or state claims or both and the nature of such claims. Plaintiff will be given leave to file an amended complaint to make such additional factual allegations.

Accordingly,

IT IS ORDERED:

1.      Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In her amended complaint, Plaintiff must set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. Plaintiff should be mindful to explain in her amended complaint what each defendant did to her, when each defendant did it, and how each defendant's actions harmed her. Further, Plaintiff should allege facts establishing the name of the program under which Plaintiff took out the student loan; when the loan was taken out; the terms of the loan; the nature of each Defendant's involvement (*i.e.*, who issued the loans, who guaranteed the loans, who attempted collection of the loan); the provision of the loan agreement or other authority on which plaintiff relies in claiming she is entitled to loan forgiveness; when, how, and why plaintiff attempted to get her student loans forgiven; and whether Plaintiff is asserting federal or state claims or both and the nature of such claims.

2.      In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3

3.      The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

4.      The Clerk of the Court is directed to set a pro se case management deadline using the following text: May 14, 2021—amended complaint due.

5.      Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 15th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge